**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Jose NEGRETE–DOMINGUEZ, Defendant–Appellant.**

**No. 13–10191.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.*

Filed April 27, 2015.

Erica McCallum, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas Frank Jacobs, Law Offices of Thomas Jacobs, Tucson, AZ, for Defendant–Appellant.

Juan Jose Negrete–Dominguez, pro se.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM ***

Juan Jose Negrete–Dominguez appeals from the district court judgment and challenges his guilty-plea conviction and 57–month sentence for attempted reentry after deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*,

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Negrete–Dominguez's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Negrete–Dominguez has filed a pro se supplemental brief and the government has filed an answering brief.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal with respect to the conviction. We, therefore, affirm Negrete–Dominguez's conviction.

With respect to Negrete–Dominguez's sentence, in light of the November 2013 amendment to U.S.S.G. § 3E1.1, the government concedes that Negrete–Dominguez's sentence should be vacated and the case remanded for the district court to consider whether Negrete–Dominguez should receive a third-level reduction for acceptance of responsibility. Accordingly, we vacate and remand for resentencing.

Because it will be relevant on remand, we address Negrete–Dominguez's argument that the district court erred in imposing a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Negrete–Dominguez contends that he should not have received the enhancement for his California conviction for aggravated assault with a deadly weapon because the conviction was obtained through a plea of nolo contendere. This contention is unavailing because a no contest plea serves as the equivalent of a guilty plea for the purposes of determining whether the crime of conviction is a crime of violence. *See United States v. Guerrero–Velasquez*, 434 F.3d 1193, 1197–98 (9th Cir.2006).

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Counsel's motion to withdraw is denied without prejudice to renewal in the district court if counsel does not wish to represent Negrete–Dominguez at his resentencing. Counsel's request for advisement of case status is denied as unnecessary.

**AFFIRMED in part; SENTENCE VACATED and REMANDED for RESENTENCING.**